UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICK F. WHITCHER,

     Plaintiffs,                    CASE NO: 3:20-cv-00439-MMH-JBT

vs.

GARRISON PROPERTY AND
CASUALTY INSURANCE COMPANY, a
foreign profit corporation

     Defendant.

_____

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES AND ALLEGED DAMAGES FROM "BUSINESS PRACTICES AND/OR UNFAIR TRADE PRACTICE"

COMES NOW, DEFENDANT GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "Garrison" or "Defendant"), by and through its undersigned counsel, and hereby moves this Court pursuant to Fed. R. Civ. P. 12(f) to strike allegations of punitive damages contained within Plaintiff's Complaint as set forth herein, and would state as follows:

1.      On or about April 29, 2020, Rick Whitcher (hereinafter "Plaintiff"), filed a one-count Complaint against Garrison in this Court for insurance bad faith pursuant to § 624.155, Florida Statutes as a result of a Uninsured/Underinsured ("UM") suit against Garrison that failed to settle. *See* Doc. 1.

2.      Prior to commencing the present suit, Plaintiff filed two Civil Remedy Notices of Insurer Violation ("CRNs") with the Florida Department of Insurance setting forth Plaintiff's allegations of Florida statutory provisions which had been violated by Garrison.

3.      Both CRNs set forth the reason for the notices as "unsatisfactory settlement offer" in violation of § 624.155(1)(b)(1), Florida Statutes. *See* Doc 1-4 and 1-5.

4.      Notably, neither CRN alleged a violation of Section 624.155(5), Florida Statutes, which pertain to general business practices and recovery of punitive damages.

5.      Despite as much, in Plaintiff's Complaint, Plaintiff alleges in paragraph 30 that "Garrison's failure and/or refusal to settle Mr. Whitcher's claim is part of Garrison's general business practices, designed and implemented to advance Garrison's pecuniary interests over those of its insureds." Doc. 1, ¶ 30.

6.      In the "Wherefore" clause following such allegation, Plaintiff prays for relief in the form of "punitive damages pursuant to § 624.155, Florida Statutes."

7.      Plaintiff has failed to set forth sufficient facts to support a demand for punitive damages against Garrison pursuant to Florida law.

8.      Plaintiff has further failed to comply with Section 768.72, Florida Statutes which requires Plaintiff demonstrates a reasonable basis for recovery of such damages.

9.      Finally, Plaintiff failed to set forth specific allegations in his CRNs that allege "general business practice," or 'unfair trade practice."

10.     For the reasons set forth *infra*, any claims and allegations pertaining to punitive damages and general business practice should be stricken from Plaintiff's Complaint.

## MEMORANDUM OF LAW

### I.      Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To prevail on a motion to strike, the movant must show that "the allegations being

challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration . . . and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008); *see also Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962) ("The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003), aff'd, 87 Fed. Appx. 713 (11th Cir. 2003) ("A 'court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" (citation omitted)). *See Moss v. Liberty Mut. Fire Ins. Co*., 2017 U.S. Dist. LEXIS 175191, *8-9.

## II.      Plaintiff has failed to plead sufficient facts to support a claim for punitive damages

The present bad faith claim is brought pursuant to diversity jurisdiction. Federal courts sitting in diversity are required to apply state substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)); *Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir.1987). Federal procedural rules govern over conflicting state law. *Gerlach v. Cincinnati Ins. Co.*, 2012 U.S. Dist. LEXIS 162689, 2012 WL 5507463, (M.D. Fla. Nov. 14, 2012) at * 2.

Under Section 768.72, Florida Statutes, a claim for punitive damages may not be added to a complaint without a reasonable showing or proffer of evidence which would provide a reasonable basis for recovery of such damages. *See* Fla. Stat. § 768.72(1). However, the Eleventh Circuit has determined that this requirement in Section 768.72 is not applicable in federal courts, to the extent that it conflicts with the pleading standards set forth in Rule 8(a)(3). Rule 8(a)(3) provides that a complaint must contain "a demand for the relief sought, which may include relief in the alternative

or different types of relief." Fed. R. Civ. P. 8(a)(3). *See Cohen v. Office Depot, Inc.,* 184 F.3d 1292, at 1298-99 (11th Cir. 1999)(Rule 8 "clearly allows the plaintiff to include a request for punitive damages in her initial complaint, whereas § 768.72 prevents her from doing so." (emphasis omitted)). The pleading rules set forth in Fed. R. Civ. P. 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, at 1340 (*citing Cohen*, 184 F.3d at 1299).

However, the Eleventh Circuit has also determined that "the substantive pleading standard of Section 768.72 (requiring a 'reasonable showing' that demonstrates 'a reasonable basis for recovery of such damages') does not conflict with Fed. R. Civ. P. 8(a)(2) (permitting a 'short and plain statement of the claim'), because a prayer for punitive damages is not a 'claim' within the meaning of that Rule." *See Gerlach*, 2012 U.S. Dist. LEXIS 162689, 2012 WL 5507463, at *2 (*citing Cohen*, 184 F.3d at 1297). "Thus, the substantive pleading requirements for punitive damages in Fla. Stat. § 768.72 remain intact even when read in conjunction with Fed. R. Civ. P. 8(a)(2)." *Id.* (citing *Porter*, 241 F.3d at 1340-41).

As a result, pursuant to Florida law, merely setting forth conclusory allegations in the complaint is not enough to entitle a plaintiff to recover punitive damages. *See Porter*, 241 F.3d at 1341. "Instead, a plaintiff must plead specific acts committed by a defendant." *Id. see also Hogan v. Provident Life & Accident Ins. Co*., No. 6:08-cv-1897-ORL-19KRS, 2009 U.S. Dist. LEXIS 61630, 2009 WL 2169850, at *5 (M.D. Fla. July 20, 2009). Accordingly, conclusory allegations in a complaint are insufficient to entitle a plaintiff to proceed on a request for punitive. *See Porter*, 241 F.3d at 1341; *see also* Fla. Stat. § 768.72(1).

For Florida bad faith insurance claims, the constraints for pleading punitive damages pursuant to Section 768.72 are even further limited. Under Florida law, an insured may assert a bad

faith claim against an insurer when the insurer violates certain statutory provisions identified in Fla. Stat. § 624.155(1)(a), or commits certain acts enumerated in Fla. Stat. § 624.155(1)(b). To obtain an award for punitive damages pursuant to a claim brought pursuant to Fla. Stat. § 624.155, the plaintiff must satisfy the requirements of Section 624.155(5) which provides:

> No punitive damages shall be awarded . . . unless the acts giving rise to the violation occur with such frequency as to indicate a **general business practice and** these acts are:
>
> (a) willful, wanton, and malicious;
>
> (b) in reckless disregard for the rights of any insured; or
>
> (c) in reckless disregard for the rights of a beneficiary under a life insurance contract.

*See* Fla. Stat. § 624.155(5) (emphasis added).

Both Florida and Federal law are clear that Plaintiff must go beyond conclusory statements and plead sufficient facts to support a claim for punitive damages pursuant to Florida law. Moreover, pursuant to § 624.155, Florida Statutes, punitive damages are not available to Plaintiff on his single claim for bad faith unless Garrison's acts "occur with such frequency as to indicate a general business practice," **and**, were "willful, wanton, and malicious," or "in reckless disregard for the rights of any insured." *Id.* at subsection 5.

Here, Plaintiff has clearly failed to meet this standard. In Paragraph 30 of his Complaint, Plaintiff simply alleges that Defendant's conduct is "part of Garrison's general business practices." As the court found in granting an insurer's motion to dismiss a punitive damages claim in *Chicken Kitchen United States, LLC v. Maiden Specialty Ins. Co*., "[i]f the observation that an insurer denied or reduced three claims was enough for an insured to assert punitive damages, then virtually *every* single insurance case could proceed with a punitive damages claim. That result is illogical and unworkable..." *See Chicken Kitchen United States, LLC v. Maiden Specialty Ins. Co*.,

2016 U.S. Dist. LEXIS 95964, *8 (S.D. Fla. July 22, 2016). Furthermore, as this Court previous concluded in *Moss v. Liberty Mut. Fire Ins. Co.*, "Conclusory assertions about business practices and profit motives do not suffice." *See Moss v. Liberty Mut. Fire Ins. Co.,* at *14.

Moreover, if this Court were to allow such allegations to remain in Plaintiff's Complaint, it would clearly prejudice Garrison. When there is a claim for punitive damages, the defendant's net worth and confidential financial information are relevant and within the scope of permissible discovery. *See Porter*, 214 F.3d at 1340-41 (*citing* Fla. Stat. § 768.72); *see also e.g. Fiddler's Creek, LLC v. Naples Lending Group LC (In re Fiddler's Creek, LLC)*, No. 2:14-cv-379-FtM-29CM, 2016 U.S. Dist. LEXIS 93850, 2016 WL 3906927, at *3 (M.D. Fla. July 19, 2016). Clearly, having to submit to such discovery in this bad faith case would be prejudicial to Garrison. For these reasons, such allegations and prayers for relief contained within Plaintiff's Complaint must be stricken.

### III.    Florida law prohibits the recovery of punitive damages in a first party bad faith action against an UM carrier for damages in excess of the policy limits.

Finally, several federal courts have previously held that Florida law prohibits the recovery of punitive damages in a first party bad faith action against an uninsured motorist carrier for damages in excess of its policy limits. *See Trout v. GEICO Gen. Ins. Co*., 2014 U.S. Dist. LEXIS 191866 (M.D. Fla. Mar. 19, 2014); *see also Woolbright v. GEICO*, Case No.: 1:12-cv-21291-UU, 2013 U.S. Dist. LEXIS 195561 (S.D. Fla. January 8, 2013),; *see also Lender v. GEICO General Insurance Co*., No. 09-22303-CIV, 2011 U.S. Dist. LEXIS 156484, 2011 WL 9362402 (S.D. Fla. September 16, 2011); *Dellavecchia v. GEICO*, Case No. 8:09-cv-2175-T-27TGW, 2010 U.S. Dist. LEXIS 145056 (Order dated December 15, 2010 - ECF Doc. 102 in that case) (holding that "§ 627.737(4) precludes Dellavecchia from pursuing a claim for punitive damages in this action"); *Cadle v. Geico General Insurance Company*, Case No.: 6:13-cv-1591-Orl-31GJK, 2013 U.S. Dist.

LEXIS 195563 (M.D. Fla. December 18, 2013) (concurring with the reasoning of Judge Whittemore in Dellavecchia). Accordingly, because this is a first party bad faith claim against Garrison in excess of its policy limits, Garrison maintains punitive damages are not available in this action brought by Plaintiff under Florida law, and any claim to same or supporting allegation should be stricken.

### IV.    Plaintiff's CRNs did not allege "Unfair Trade Practice" or "general business practice" and accordingly, allegations pertaining thereto should be stricken.

As a condition precedent to filing a lawsuit pursuant to 624.155, Florida Statutes, Plaintiff must give Defendant and the Department of Insurance 60 days written notice of the alleged violation. *See* F.S. 624.155(3)(a). The CRN must state with specificity the facts and circumstances giving rise to the violation. 624.155(3)(b). The Florida Supreme Court has stated that "the Legislature provided this sixty-day window as a last opportunity for insurers to comply with their claim-handling obligations when a good faith decision by the insurer would indicate that contractual benefits are owed." *Talat Enterprises, Inc. v. Aetna Cas. & Surety Co*., 753 So. 2d 1278, 1284 (Fla. 2000).

In the CRNs in this case, Plaintiff checked the box for "Unsatisfactory Settlement Offer" and stated that Garrison had not attempted "in good faith to settle claims when, under all the circumstances, it could and should have done so had it acted fairly and honestly towards its insured and with due regard for his interests." *See* Doc 1-4 & 1-5. Plaintiff did not check the box for "Unfair Trade Practice," nor allege anywhere within either CRN that Garrison committed any violation with such frequency so as to constitute a general business practice. *Id.* Accordingly, any such claim of "general business practice" cannot constitute separate violations for which now Plaintiff can seek an additional remedy and must be stricken.

**WHEREFORE, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY** hereby respectfully requests that this Honorable Court grant its Motion to Strike, or any other such relief the Court deems appropriate.

### CERTIFICATION OF COMPLIANCE WITH RULE 3.01(g)

The undersigned counsel for Defendant certifies that prior to filing the instant Motion that she has conferred with counsel for Plaintiff on June 25, 2020 and that Plaintiff's counsel does not agree with the relief sought herein.

**BOYD & JENERETTE, P.A.**

KRISTEN M. VAN DER LINDE
Florida Bar No. 0964573
AMANDA L. KIDD
Florida Bar No. 93229
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone
904-493-3739 - Facsimile
*Attorneys for Garrison Property and
Casualty Company*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF, on this 6th day of _July_ 2020.

**ATTORNEY**

03645287